[Crim. No. 43147. Second Dist., Div. Five. Aug. 15, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
MITCHELL CARL SMITH, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Nancy Ann Stoner, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Howard J. Schwab and Donald F. Roeschke, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**FEINERMAN, P. J.**– The sole issue in this appeal is the propriety of a condition of probation ordering the defendant not to drink any alcoholic beverages and to stay out of places where they are the chief item of sale. Defendant had pled guilty to possession of PCP (Health & Saf. Code, § 11377), proceedings were suspended, and defendant was placed on probation for a period of three years on various terms and conditions. Defendant does not contest any of the probationary conditions imposed relating to drug use. He challenges the probation condition restricting the use of alcoholic beverages on the grounds that it bears no relationship to his drug crime or to his future criminality. We have carefully examined the record and find no merit in defendant's contention. Accordingly, we affirm the judgment.

The defendant was 26 years of age at the time he was sentenced in this case. His probation report indicated that he had an extensive involvement with drugs dating back to the time he was 11 years of age, when he began using both marijuana and cocaine. At the time of his arrest in this case, a bottle containing 10 milliliters of liquid phencyclidine was found on defendant's person. In the opinion of the arresting officers, defendant was under the influence of phencyclidine when he was apprehended. Defendant's long criminal record includes a conviction for armed robbery. The probation report opined that defendant had several personality problems and concluded that defendant was in acute need of professional guidance in regards to drugs, employment, and education.

■ "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545], citing in part, *People* v. *Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290].)

Drug addiction is defined by the United Nations World Health Organization as follows: "Drug addition is a state of periodic or chronic intoxication detrimental to the individual and to society, produced by the repeated consumption of a drug (natural or synthetic). Its characteristics include: a. An overpowering desire or need (compulsion) to continue taking the drug and to obtain it by any means; b. A tendency to increase the dose; c. A psychic (psychological) and, sometimes, a physical dependence on the effects of the drug."[1]

■ The use of alcohol produces many effects similar to the effects produced by marijuana, barbiturate and other sedative hypnotics. Sensorial impairment is present, there is a lessening of internalized self-control, and euphoria, accompanied by a reduction of anxiety, is experienced. Alcoholic euphoria is accompanied by activity and aggressive behavior, while barbiturate and marijuana euphoria is accompanied by lethargy.[2] Drinking at any time, even for the social, controlled drinker who can stop at will, can lead to a temporary relaxation of judgment, discretion, and control. Alcohol acts

[1]Pollack, *Drug Use and Narcotic Addiction* (1967) University of Southern California Institute of Psychiatry and Law for the Judiciary, pages 1-2.

[2]Pollack, *Drug Use and Narcotic Addiction* (1967) University of Southern California Institute of Psychiatry and Law for the Judiciary, pages 1, 4-5.

as a depressant on the nervous system. The quantitative and qualitative results depend on factors that vary between individuals, and in the same individuals at different times, due to fatigue, sugar metabolism, and psychological state including mood, thought, and specific stimuli.[3] The impairment of judgment and motor skills resulting from the consumption of alcohol will also vary with each individual depending upon the amount of alcohol they have consumed in a given period of time, their weight, age, and whether they have been eating. The bottom line, however, is the undisputed fact that the physical effects of alcohol are not conducive to controlled behavior.

In this case we are dealing with an individual who is emotionally unstable, has a poorly integrated personality, and has been convicted of criminal offenses against society. Given the nexus between drug use and alcohol consumption, we find no abuse of discretion in the imposition of the condition of probation relating to alcohol usage. It is reasonably related to the crime of which the defendant was convicted and to future criminality.

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.

A petition for a rehearing was denied September 13, 1983.

---

[3]Seliger and Cranford, *Alcoholic Criminal* (1949) Encyclopedia of Criminology, pages 10-16.