[No. A056814. First Dist., Div. Three. Nov. 19, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
JACK DAVID LINDSAY, Defendant and Appellant.

## COUNSEL

Philip DeJong, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Joanne S. Abelson and Jeremy Friedlander, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MERRILL, Acting P. J.**—Appellant Jack David Lindsay appeals from the trial court's sentence following his plea of guilty. Appellant contends that the court erred in imposing a condition regarding his abstinence from alcohol as one of the terms of his probation. We affirm.

### PROCEDURAL BACKGROUND

Appellant was charged with a violation of Health and Safety Code section 11352, sale of cocaine. He entered a plea of guilty conditioned on a promise that he would not serve time in state prison. Imposition of sentence was suspended and appellant was placed on probation. One of the conditions of probation was that appellant abstain from consuming any alcoholic beverages.

### DISCUSSION

In granting probation, the trial court has broad discretion to impose conditions which will promote rehabilitation and protect the public. (*People v. Patillo* (1992) 4 Cal.App.4th 1576, 1579 [6 Cal.Rptr.2d 456].) Penal Code

section 1203.1 provides that in ordering probation, the court "may impose and require . . . other reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, . . . and generally and specifically for the reformation and rehabilitation of the probationer . . . ." A condition of probation imposed under this section is not invalid unless it: "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." (*People* v. *Burgener* (1986) 41 Cal.3d 505, 532 [224 Cal.Rptr. 112, 714 P.2d 1251], quoting *People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545], internal quotation marks omitted.) A provision which "forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People* v. *Lent, supra,* 15 Cal.3d at p. 486.)

■  Appellant contends that the alcohol-use condition is not reasonably related to his sale of cocaine or to future criminality, relying on *People* v. *Kiddoo* (1990) 225 Cal.App.3d 922 [275 Cal.Rptr. 298]. In that case, the court found that a similar alcohol-use condition was invalid where defendant pled guilty to possession of methamphetamine.

Whether an alcohol-use condition of probation is an abuse of the trial court's discretion is determined by the particular facts of each case. (See *People* v. *Patillo, supra,* 4 Cal.App.4th at p. 1582.) In *People* v. *Kiddoo, supra,* the alcohol-use condition of probation was determined to be invalid where defendant was a "social drinker" who used methamphetamine "sporadically." (*People* v. *Kiddoo, supra,* 225 Cal.App.3d at p. 927.) In contrast to *Kiddo,* such a condition has been upheld where the defendant had a drug abuse problem. (*People* v. *Smith* (1983) 145 Cal.App.3d 1032, 1034 [193 Cal.Rptr. 825].) In *Smith,* defendant was convicted of possession of phencyclidine (PCP) and was under the influence of PCP at the time of his arrest. The probation report stated that the defendant had extensive involvement with drugs, personality problems, and was in need of "professional guidance in regards to drugs . . . ." No mention was made of whether defendant used alcohol. The *Smith* court noted that "[d]rinking at any time, even for the social, controlled drinker who can stop at will, can lead to a temporary relaxation of judgment, discretion, and control. . . . [T]he physical effects of alcohol are not conducive to controlled behavior. . . . [¶] . . . Given the nexus between drug use and alcohol consumption, we find no abuse of discretion in the imposition of the condition of probation relating to alcohol usage." (*Id.,* at pp. 1034-1035.)

Here, the alcohol-use condition of probation is reasonably related to appellant's sale of cocaine and future criminality. Appellant admitted that he

committed the crime to support his abuse of cocaine. He has used alcohol since the age of 10 and he acknowledged to having an "alcohol problem" for the past 5 years. The probation officer stated in his report that "[appellant] realizes he had an addictive personality, and has been battling an alcohol problem for the past five years . . . . He is hopeful that being on probation will motivate him to continue to abstain from both alcohol and cocaine." In imposing the condition at issue, the trial court stated that: "[If] you're an addict, you're an addict. And it doesn't matter what you're addicted to, you're still addicted. And you should stay off of all substances, including alcohol." As the trial court here and the court in *Smith* recognized, there is a nexus between alcohol consumption and drug use. As an addict, refraining from the use of drugs will take a great deal of willpower on appellant's part. A person's exercise of judgment may be impaired by the consumption of alcohol, and in appellant's case, this could lead to his giving in to the use of drugs. By his own admission, previous sales of cocaine were made to support his addiction. Under the circumstances, it was not an abuse of discretion to impose the alcohol-use condition of probation.

The judgment is affirmed.

Chin, J., and Werdegar, J., concurred.