Filed 7/10/13  P. v. Ayala-Vega CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D061966 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN282711) |
| JONATHAN AYALA-VEGA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Kearney, Judge.  Judgment affirmed as modified, remanded.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Jonathan Ayala-Vega guilty of first degree residential burglary and found true the allegation that a person other than an accomplice was present at the time.

After finding unusual circumstances, the trial court suspended the imposition of sentence and placed him on formal probation for three years. It also imposed various fines, fees and assessments. Vega does not challenge his conviction, but contends that the trial court abused its discretion in imposing probation conditions (1) prohibiting him from being around any firearms, (2) requiring him to obtain the probation officer's approval as to where he lives and works, and (3) prohibiting or regulating his access to alcohol. He also asserts the trial court erroneously failed to orally pronounce fines, fees and assessments included in the judgment (order granting probation) and that some of the fees are incorrect.

As discussed below, some of Vega's contentions have merit. Accordingly, we affirm the judgment (order granting probation) as modified and remand the matter to the trial court for resentencing limited to the imposition of the fines, fees and assessments.

FACTUAL AND PROCEDURAL BACKGROUND

On an evening in May 2010, Vega arrived uninvited at the home of his uncle and aunt, Armando and Victoria Ayala. Vega claimed he was in the area to buy a car, and asked if he could spend the night. The couple agreed. The following morning, Vega asked Victoria for a tour of the house. After taking him on a tour, Victoria had Vega go outside.

About 15 minutes later, Victoria looked outside and saw Vega doing something by the trash area. While Vega was eating breakfast, she went outside and found a jewelry box from one of the bedrooms in the trash. She also saw that the bedroom window was

2

now open. It was later discovered that Vega had taken some jewelry. An investigation revealed Vega's fingerprints on the bedroom window.

At trial, Vega testified that he was 25 years old and homeless in May 2010. He admitted removing the jewelry box, but denied entering the house or the bedroom with the intent to steal.

## DISCUSSION

### I. *Probation Conditions*

A. General Legal Principles

Sentencing courts have broad discretion in imposing conditions of probation meant to protect the public and rehabilitate the defendant. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) We review probation conditions for abuse of discretion. (*Id.* at p. 1121.) A probation condition is invalid if it (1) is not related to the crime of which the offender was convicted, (2) relates to noncriminal conduct, and (3) requires or forbids conduct which is not reasonably related to future criminality. (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).) All three parts of this reasonableness test must be satisfied before a reviewing court will invalidate a condition of probation. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)

A challenge to a probation condition based on the *Lent* unreasonableness factors is forfeited on appeal if the defendant fails to object on that ground in the trial court. (*People v. Welch* (1993) 5 Cal.4th 228, 234–238.) However, a defendant may raise on appeal, without having objected in the trial court, an appellate claim amounting to a "'facial challenge'" based on a constitutional defect that does not require scrutiny of

3

individual facts and circumstances. (*In re Sheena K.* (2007) 40 Cal.4th 875, 885–886.)

A probation condition that imposes limitations "on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Id.* at p. 890.) In other words, for the forfeiture exception to apply, an appellate court must only concern itself with abstract and generalized legal concepts and not with the individual facts and circumstances of the case. (*Id.* at p. 885.)

A "court may leave to the discretion of the probation officer the specification of the many details that invariably are necessary to implement the terms of probation. However, the court's order cannot be entirely open-ended." (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358–1359 [probation condition forbidding defendant from associating with all persons designated by his probation officer was "overbroad and permit[ted] an unconstitutional infringement on defendant's right of association"].) We review a trial court's imposition of a probation condition for an abuse of discretion. (See *People v. Carbajal*, *supra*, 10 Cal.4th at pp. 1120–1121.) "However, we review constitutional challenges to a probation condition de novo." (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

B. Alcohol Conditions

At the sentencing hearing, Vega objected to certain alcohol conditions on the ground they were unrelated to his crime. Specifically, probation conditions 8b, 8f and 8h (1) prevent him from "knowingly us[ing] or possess[ing] alcohol if directed by the [probation officer]," (2) require he "[s]ubmit to any chemical test of blood, breath or urine

4

to determine blood alcohol content and authorize release of results to [probation officer] or the court whenever requested by the [probation officer], a law enforcement officer, or the court ordered treatment program," and (3) prohibit him from being "in places, except in the course of employment, where [he] knows, or [his probation officer] or other law enforcement officer informs [him], that alcohol is the main item for sale."

Vega objects to these conditions as unreasonable under the three-part *Lent* test. Vega is correct that these conditions pertain to conduct that is not criminal and are not related to the crime as he was not drinking or under the influence of alcohol or drugs before or during the offense. Thus, the analysis turns on whether conditions 8b, 8f and 8h are reasonably related to future criminality. This analysis is highly fact specific. (*People v. Lindsay* (1992) 10 Cal.App.4th 1642, 1644.)

Vega has no prior criminal history. Additionally, the probation report indicates that he began consuming alcohol when he turned 21, he only consumes alcohol on a social basis and never "'drinks to get drunk.'" Vega has also used marijuana three times, once when he was 18, and twice while in college. Vega denied ingesting any other type of drug. Here, there is nothing in the record suggesting that Vega ever abused alcohol or drugs or that social alcohol use has ever played a part in any criminal activity. Simply put, the alcohol conditions have no connection with Vega's future criminality. Because none of the *Lent* factors are satisfied, the alcohol-related probation conditions 8b, 8f and 8h are invalid. (*Lent*, *supra*, 15 Cal.3d 481.) We modify the judgment by deleting those conditions. (*People v. Kiddoo* (1990) 225 Cal.App.3d 922, 928.)

5

Vega also objects to condition 8c that requires him to attend self-help meetings "if directed" by the probation officer. Vega did not object to this condition below. Moreover, Vega did not challenge this particular condition on constitutional grounds. Accordingly, we conclude Vega forfeited any challenge to probation condition 8c.

C. In Presence of Firearms

Probation condition 12g prohibits Vega from remaining "in any building, vehicle or in the presence of any person where [he] know[s] a firearm, deadly weapon, or ammunition exists." Although listed on the preprinted form as a gang condition, the trial court crossed out the word "gang." Vega argues this condition is overbroad and unjustifiably chills important constitutional rights by forbidding him from being in any number of places where he is otherwise entitled to be, such as a bank or public gathering, where armed guards are present. Vega concedes he did not object to this condition below, but claims the constitutionality of the condition can be raised for the first time on appeal.

The People disagree, arguing that the reasonableness of this condition requires examination of the facts and circumstances of the case and Vega's failure to object prevented the development of those facts and circumstances. The People assert that forbidding Vega's presence where he knows firearms or other weapons are located could be reasonably related to his crime of burglary by preventing armed robbery or burglary in the future, and the condition was also constitutionally valid because it had a knowledge requirement.

We agree with Vega that this condition is unconstitutionally overbroad because it improperly impedes his freedom of travel and association. A probation condition is

6

unconstitutionally overbroad if it imposes limitations on the probationer's constitutional rights and it is not closely or narrowly tailored and reasonably related to the compelling state interest in reformation and rehabilitation. (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 890.) As Vega noted, this condition would prohibit him from any location where armed personnel are present, such as an airport, bank or courthouse. Moreover, the People's concern of preventing Vega from committing an armed robbery or burglary is adequately addressed by the unchallenged probation condition requiring that Vega not knowingly possess any firearm, weapon or ammunition. This overbroad probation condition can be corrected without reference to the particular sentencing record and presents a pure question of law. (*Id.* at p. 887.) Accordingly, we order that the condition 12g be modified to provide as follows: "Vega is prohibited from being in the presence of those he knows illegally possess firearms, deadly weapons or ammunition."

D.  Approving Residence or Employment

Probation condition 10g required Vega to obtain his probation officer's approval as to his place of residence and employment. Vega did not object to this condition below. The People argue Vega waived any objection to this condition because the trial court could reasonably allow the probation officer the discretion to disapprove of Vega living with any of his other relatives based on him stealing from his uncle and aunt's house in this case, and disapprove him from working in any position where he would have easy access to jewelry or money based on him committing burglary against those who trusted him.

7

We conclude the requirement that Vega obtain probation officer approval as to his place of residence or employment is overbroad. The People's argument in support of this probation condition, although couched with the facts and circumstances of this case, is generic as the same argument can be made for virtually all theft convictions because most are motivated by an underlying desire or need for money. If the purpose of the condition is to prevent Vega from living with individuals he might take advantage of, then Vega will likely be prevented from living with anyone. Additionally, most employment places employees in a situation where they will have an opportunity to steal something.

The requirement improperly impedes Vega's freedom of association and his right to employment. It also gives too much discretion to the probation officer and applies to conduct that is not criminal. (*People v. Bauer* (1989) 211 Cal.App.3d 937, 944 [condition requiring prior approval of residence by a probation officer invalid because it infringed on the defendant's constitutional rights of travel and freedom of association and gave the probation officer too much discretionary power over the defendant's living situation].) Moreover, the condition contains no such standard by which the probation officer is to be guided. (*People v. O'Neil*, *supra*, 165 Cal.App.4th at p. 1359.) Accordingly, we strike probation condition 10g. (The propriety of a residence approval probation condition in a case involving possession of drugs and misdemeanor drug use is presently before the California Supreme Court in *People v. Schaeffer* (2012) 208 Cal.App.4th 1 [145 Cal.Rptr.3d 29], review granted October 31, 2012, S205260.)

While we agree that Vega's probation officer has an interest in knowing the location of Vega's residence and place of employment, the unchallenged requirement that

8

Vega notify his probation officer within 72 hours of any change of address or employment satisfies that interest. (*In re White* (1979) 97 Cal.App.3d 141, 150 ["If available alternative means exist which are less violative of the constitutional right and are narrowly drawn so as to correlate more closely with the purposes contemplated, those alternatives should be used."].)

## II. *Fines, Fees and Assessments*

At the sentencing hearing, the trial court required Vega to pay $500 in victim restitution and stated that the restitution fines would be reduced from $960 to $240. Vega points out that the order granting probation erroneously includes other fines, fees and assessments that were not delineated and announced on the record. He also complains that (1) a penalty assessment was incorrectly calculated and (2) the $240 restitution fine under Penal Code section 1202.4, subdivision (b), and the $240 probation revocation fine under Penal Code section 1202.44 imposed by the court must be reduced to $200 each, the statutory minimum in effect in 2010, to avoid an ex post facto issue. The Attorney General concedes the latter issue and states that the trial court should clarify the penalty assessment on remand.

A trial court must provide a "detailed recitation of all the fees, fines and penalties on the record," including their statutory bases. All of these fines and fees must be set forth in the abstract of judgment. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.) "[T]he inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts. [Citation.]" (*Ibid.*) Additionally, reciting the fines and fees notifies the defendant of the financial obligations of his conviction, provides a record for

review, and allows defendant the opportunity to contest any fines, fees or assessments he believes should not be imposed. (See, e.g., Pen. Code, § 1202.5, subd. (a) [theft fine contingent on defendant's ability to pay].)

Vega asserts, the People concede and we agree that the case must be remanded for the trial court to orally pronounce all fines, fees, and assessments imposed upon defendant, provide defendant the opportunity to contest them, and to identify and specify the statutory bases for all fines, fees, and assessments imposed upon defendant.

DISPOSITION

Probation condition 12g is modified to state "Vega is prohibited from being in the presence of those he knows illegally possess firearms, deadly weapons or ammunition." Probation conditions 10g, 8b, 8f and 8h are stricken. The case is remanded for resentencing limited to the imposition of fines, fees or assessments. At that hearing, defendant may contest any fine, fee or assessment. As so modified, the judgment (order granting probation) is affirmed.

MCINTYRE, J.

WE CONCUR:

MCCONNELL, P. J.

IRION, J.

10