Filed 12/11/13  P. v. Perez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038895 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1074952) |
| v. | |
| FATIMA YOLANDA PEREZ, | |
| Defendant and Appellant. | |

Defendant Fatima Yolanda Perez was placed on probation in two separate cases for public assistance-related fraud and driving under the influence.  On appeal, she challenges the alcohol-related probation conditions imposed in the felony fraud case only.  Finding no error, we will affirm the judgment.

## I.  BACKGROUND

On August 21, 2012, pursuant to a negotiated disposition, defendant entered no contest pleas in two criminal cases.  In CC943198, defendant admitted to driving with a blood alcohol level of .15 or higher (Veh. Code, §§ 23152, subd. (b), 23578) and driving without a valid license (Veh. Code, § 12500, subd. (a)), misdemeanors occurring on April 9, 2009.  At that hearing, the court found a factual basis for the plea, noting that defendant's blood alcohol level was .15 according to the blood test results.

In C1074952, the subject of this appeal, defendant pleaded to fraud in obtaining CalWorks and food stamps, a felony occurring between August 2007 and January 2009.  (Welf. & Inst. Code, § 10980, subd. (c)(2).)  This offense involved defendant

misrepresenting her employment status and the number of children in her custody to the Department of Social Services, resulting in the overpayment of public assistance.

On October 11, 2012, the trial court suspended imposition of sentence in both cases and placed defendant on concurrent formal probation for three years. With respect to defendant's driving under the influence conviction, the probation report contained several alcohol-related recommendations: That defendant (1) submit to chemical testing as directed by the probation officer; (2) not possess or consume alcohol, or knowingly go places where alcohol is the primary item of sale; and (3) enter and complete a substance abuse treatment program as directed by the probation officer. At the sentencing hearing the probation department requested that these alcohol-related conditions be added to the terms of defendant's probation for the welfare fraud case. The department requested the alcohol conditions in both cases "to keep them consistent."

Counsel for defendant voiced her position that the alcohol-related probation conditions were appropriate for the driving under the influence case but not the welfare fraud case. The trial court disagreed, citing *People v. Lopez* (1998) 66 Cal.App.4th 615, 626 (recognizing gang association prohibition as promoting Penal Code section 1203.1's rehabilitation and public safety goals by forbidding conduct reasonably related to future criminal activity). The court explained that an important and rational relationship existed between the alcohol-related conditions and defendant's rehabilitation given defendant's DUI conviction.

Defendant filed a timely notice of appeal challenging those probation conditions.

## II. DISCUSSION

Penal Code section 1203.1, subdivision (j), vests the trial court with discretion to "impose and require . . . [such] reasonable [probation] conditions[] as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the

probationer . . . ." Although the court's discretion is broad, a probation condition is invalid if " 'it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).) Phrased differently, if a condition of probation forbids conduct which itself is not criminal, as is the case here, that condition is valid if it either is reasonably related to the crime defendant committed or to defendant's future criminality.

We review the imposition of probation conditions for an abuse of discretion. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-21.) We look to whether the sentencing court's determination is arbitrary, capricious, or exceeds the bounds of reason, considering all the circumstances. (*Id.*, at p. 1121.)

Defendant does not challenge the three alcohol-related conditions-chemical testing, substance abuse treatment, and the prohibition against consuming alcohol or frequenting alcohol establishments-as they relate to her probation for driving under the influence of alcohol. As applied to the welfare fraud matter, however, defendant argues that the alcohol-related conditions fail the *Lent* test. She also argues that the challenged conditions unlawfully impinge on her constitutional rights because they are not rationally related to rehabilitation or public safety.

Defendant's assertion that the alcohol-related conditions meet the first and second prongs of *Lent* is not disputed by the People. The record does not show that alcohol use was related to defendant's welfare fraud and the probation conditions do not forbid criminal activity. Defendant focuses on the third *Lent* prong, arguing that the alcohol-related conditions are " 'not reasonably related to future criminality . . . .' " (*Lent*, *supra*, 15 Cal.3d at p. 486.) According to defendant, the record forming the welfare fraud case provides no indication of substance abuse and thus no basis for imposing substance abuse conditions to protect against future criminal activity. Defendant contends that the drinking and driving offense also is an insufficient basis to impose the alcohol-related

probation conditions based on future criminality because the police report for the driving under the influence offense shows nothing more than an "isolated" incident of drinking and driving.

In support of her position, defendant cites *People v. Kiddoo* (1990) 225 Cal.App.3d 922 (*Kiddoo*), where the trial court imposed "no alcohol" probation terms for a methamphetamine possession conviction. The appellate court struck the condition because nothing in the record showed that alcohol was related to Kiddoo's conviction, or was reasonably related to future criminal behavior. (*Id.*, at pp. 927-928.) Characterizing the April 2009 DUI offense as "remote," Defendant insists that the record here, like in *Kiddoo*, "lacks any indication of prior arrests or convictions involving drinking" which could establish future criminality.

Defendant also argues that the facts of her case are distinguishable from *People v. Lindsay* (1992) 10 Cal.App.4th 1642 (*Lindsay*) and *People v. Beal* (1997) 60 Cal.App.4th 84 (*Beal*), both cases in which the appellate court upheld "no alcohol" probation conditions for controlled substance convictions. In *Beal*, the defendant was selling drugs to support a drug habit. (*Id.*, at p. 86, fn. 1.) Rejecting the reasoning in *Kiddoo*, the court concluded that a sufficient nexus existed between the effects of alcohol use and the probationer's reduced ability to avoid drugs. (*Id.*, at p. 87.) In *Lindsay*, the defendant acknowledged having an alcohol problem and an addictive personality. (*Lindsay*, *supra*, 10 Cal.App.4th at p. 1645.)

The People disagree with defendant's characterization of her driving under the influence offense as being "isolated" and "remote" and not warranting rehabilitative measures, pointing to defendant's erratic driving and her .15 blood-alcohol level. The People also argue that the unexplained lapse between defendant's driving under the influence arrest and her conviction does not negate the relationship between the alcohol-related conditions and defendant's future criminality.

We agree with the People. The time passage of three years lapse between defendant's DUI arrest and her conviction does not defeat the relationship between the DUI and the need to rehabilitate defendant and to protect her and the public from future criminality. While we appreciate the absence of intervening arrests for alcohol-related conduct, " 'it has been reliably estimated that only one of every 2,000 drinking drivers is apprehended.' " (*Ingersoll v. Palmer* (1987) 43 Cal.3d 1321, 1340.) Defendant may not have admitted to an alcohol problem as in *Lindsay* or have been selling drugs to support a drug habit as in *Beal*. But defendant cannot escape the fact that she drove with a high blood alcohol content endangering the community. Further, at the time of sentencing defendant had not served any term of probation for the DUI. Indeed, she had not participated in the first offender program or been evaluated for further treatment.

The trial court properly relied on defendant's DUI offense and conviction to fashion conditions aimed at preventing future criminality involving or influenced by alcohol use. The conditions at issue are reasonably related to fostering defendant's rehabilitation and protecting the public and thus do not infringe on defendant's constitutional rights. (*People v. Lopez*, *supra*, 66 Cal.App.4th at p. 624.) Accordingly, we find no error in imposing the alcohol-related probation conditions in defendant's welfare fraud case.

## DISPOSITION

The judgment is affirmed.

_____
Grover, J.

**I CONCUR:**

_____
Mihara, J.

PREMO, Acting P.J., Dissenting

I respectfully dissent on the discrete issue of imposing alcohol restrictions in a probation order that results from a welfare fraud conviction. Nothing related to that conviction suggests that alcohol use, or abuse, was at play in those circumstances.

_____

Premo, Acting P.J.

1