Filed 2/13/14  P. v. Stangl CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063645 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD243182) |
| GARY WILLIAM STANGL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Amalia L. Meza, Judge.  Affirmed.

Cannon & Harris and Donna L. Harris for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

Gary William Stangl appeals certain conditions of probation imposed on him by the trial court following his guilty plea to assault with caustic chemicals (Pen. Code,

§ 244). We conclude that the probation conditions challenged by Stangl are reasonable based on his prior criminal history, and we accordingly affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

Around 6:00 a.m. on the morning of September 9, 2012, Stangl threw a bottle filled with nitric acid through the window of his brother's home. The bottle broke, and the acid burned an occupant of the house and caused property damage.

An amended information charged Stangl with assault with caustic chemicals (Pen. Code, § 244) and assault by means likely to produce great bodily injury (*id*., § 245, subd. (a)(4)). Stangl pled guilty to assault with caustic chemicals, and the other count was dismissed. The preliminary hearing transcript formed the factual basis for the plea.

After denying Stangl's motion to withdraw the guilty plea, the trial court granted formal probation to Stangl on the condition, among other things, that he serve 365 days in local custody.

At the sentencing hearing, defense counsel challenged two of the conditions of probation recommended in the probation officer's report, arguing that they had no nexus to the facts of the case: (1) that Stangl "not knowingly use/possess any stolen, forged, counterfeit or fraudulent documents" (hereinafter, "the document condition"), and (2) that Stangl "not knowingly use or possess alcohol if directed by the [probation officer]" and "[a]ttend 'Self-help' meetings . . . if directed by the [probation officer]" (hereinafter, "the alcohol condition"). The trial court imposed those conditions of probation over defense counsel's objection, ruling that "there is a sufficient nexus based on the criminal history

and the overall workup of the defendant and the potential issues that he is going to face and has faced in the past."

## II

## DISCUSSION

The sole issue raised by Stangl's appeal is a challenge to the conditions of probation that the trial court imposed over defense counsel's objection.  As we will explain, based on Stangl's criminal history, the probation conditions were warranted.

A.    *Standard of Review*

"We review conditions of probation for abuse of discretion."  (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).)  "As with any exercise of discretion, the sentencing court violates this standard when its determination is arbitrary or capricious or ' " 'exceeds the bounds of reason, all of the circumstances being considered.' " ' "  (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.)

B.    *Applicable Law*

"[T]he Legislature has empowered the court, in making a probation determination, to impose any 'reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer . . . .'  (Pen. Code, § 1203.1, subd. (j).)  Although the trial court's discretion is broad in this regard, . . . a condition of probation must serve a purpose specified in Penal Code section 1203.1. [Citations.]  . . . [¶]  . . .  Generally, '[a] condition of probation will not be held invalid

3

unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' [Citation.] This test is conjunctive — all three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.] As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*Olguin*, *supra*, 45 Cal.4th at pp. 379-380.)

C.      *The Probation Conditions Are Warranted Based on Stangl's Criminal History*

Stangl argues that the trial court abused its discretion in imposing the alcohol condition and the document condition because those conditions have no nexus to Stangl's current conviction for assault with caustic chemicals. As we will explain, we reject this argument because both conditions have a relationship to Stangl's criminal history, and in order to prevent future criminality, the trial court was entitled to consider Stangl's criminal history in imposing conditions of probation.

As set forth above, one of the three circumstances in which a probation condition is reasonable is when it is imposed to prevent future criminality. (*Olguin*, *supra*, 45 Cal.4th at p. 379.) In imposing such a probation condition, "[a] trial court may properly go beyond the exact confines of the current offense to consider all the relevant circumstances regarding the probationer." (*People v. Patillo* (1992) 4 Cal.App.4th 1576, 1580.) "[A] condition . . . 'reasonably related to future criminality' . . . may not be held invalid *whether or not* it has any 'relationship to the crime of which the offender was

4

convicted.' " (*People v. Balestra* (1999) 76 Cal.App.4th 57, 65, italics added.) "[T]he entire circumstances of [the defendant's] background and the crime for which he was convicted, must be carefully scrutinized." (*In re Martinez* (1978) 86 Cal.App.3d 577, 584.)

The alcohol condition was reasonable because the probation officer's report shows that Stangl has a history of criminal offenses related to alcohol and drug use. Specifically, Stangl had a previous conviction for driving under the influence in 1992 (Veh. Code, § 23152, subd. (a)), along with an earlier arrest for driving under the influence in 1989 in Utah. Stangl also had convictions for possession of a controlled substance in 1992 and 1994, and he admitted to the probation officer that he had last used methamphetamine in 2012. Courts have observed that alcohol and drug abuse are reasonably related for the purpose of imposing alcohol conditions to prevent future criminality. (*People v. Beal* (1997) 60 Cal.App.4th 84, 87 ["alcohol use may lead to future criminality where the defendant has a history of substance abuse and is convicted of a drug-related offense"]; see *People v. Smith* (1983) 145 Cal.App.3d 1032, 1035 [noting the "nexus between drug use and alcohol consumption"].)

"Whether an alcohol-use condition of probation is an abuse of the trial court's discretion is determined by the particular facts of each case." (*People v. Lindsay* (1992) 10 Cal.App.4th 1642, 1644.) Here, under the particular facts of this case — namely Stangl's criminal history — even though there was no evidence that the current offense was related to alcohol, it was within the trial court's discretion to conclude that the alcohol condition would reasonably prevent future criminality. Specifically, the alcohol

5

condition would help Stangl avoid future alcohol-related crimes like his prior instances of driving under the influence. (See *People v. Burton* (1981) 117 Cal.App.3d 382, 390 [in assessing reasonableness of alcohol-related probation conditions, court considered whether "appellant had ever been convicted of an alcohol-related offense"].)

The document condition was also reasonable based on Stangl's criminal history. Specifically, the probation officer's report shows that in 1994 Stangl was convicted of giving false identification to a peace officer (Pen. Code, § 148.9, subd. (a)). The trial court could reasonably conclude that to prevent another such incident and therefore deter future criminality, the probation conditions should specifically prohibit Stangl from knowingly using or possessing any stolen, forged, counterfeit or fraudulent documents.

### DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:

NARES, Acting P. J.

McDONALD, J.

6