Filed 11/12/20  P. v. Stewart CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>STEVEN MATTHEW STEWART,<br>    Defendant and Appellant. | A157857<br><br>(Napa County Super. Ct. No. 19CR000855) |

Steven Matthew Stewart was placed on probation after pleading no contest to one count of assault by means likely to result in great bodily injury. He contends the trial court abused its discretion in imposing a probation condition requiring him to refrain from using marijuana, a condition appellant sees as unrelated to his offense or future criminality.  We affirm.

**BACKGROUND**

Napa County Police Officer Colton Adams testified at the preliminary hearing that on March 25, 2019, he was dispatched to an unrelated incident and flagged down by J.R., who told him she had just been assaulted by her ex-boyfriend, identified as appellant.  J.R.'s hands were "fidgety," she "wasn't able to stop moving" and she "seemed hysterical" and appeared to have been crying.  She said she and appellant had been arguing and appellant threatened to "bash her face in using his head," then as the argument continued he "headbutted her in the face."  Adams did not notice visible

1

injuries, but J.R. reported that she felt pain. Adams did not have an opinion whether J.R. was high on methamphetamine.[1]

A witness told Adams that as appellant and J.R. were arguing, appellant threatened to "beat her down," then attempted to punch her in the face with his left hand, missed the punch, and immediately headbutted her in the face. Another witness saw appellant suddenly headbutt J.R. as appellant and J.R. were arguing.

Appellant told Adams that he and J.R. were currently dating and had a five-year-old daughter together. He denied any physical altercation, saying the argument was all verbal. Appellant told Adams he and J.R. had been arguing for the past few days and, on the day of the incident, J.R. threatened to "put him in jail, because he needed to go to a program." He said he wanted her to go to a program with him. Adams testified that appellant was cooperative and calm.

Appellant was initially charged on March 27, 2019, with one count of felony making criminal threats (Pen. Code, § 422)[2] and one count of misdemeanor battery (domestic violence) (§ 243, subd. (e)(1)), with an allegation that appellant had a prior conviction for which he served a prison term (§ 667.5, subd. (b).) Following a preliminary hearing, appellant was held to answer, an information was filed stating the same charges, and appellant pled not guilty and denied the special allegations. Subsequently, an amended information added a third count of felony assault by means likely to cause great bodily injury (§ 245, subd. (a)). Pursuant to a negotiated

_____

[1] As described in the probation report, the police report related appellant having said J.R. was "high on methamphetamine."

[2] Further statutory references are to the Penal Code unless otherwise indicated.

agreement, appellant pled no contest to the third count and the others were dismissed with a *Harvey*[3] waiver. On July 15, 2019, in accordance with the agreement, appellant was placed on probation for three years. The court imposed the terms and conditions recommended by the probation department, with a few modifications not relevant here.

This appeal followed.[4]

## DISCUSSION

At sentencing, defense counsel objected to imposition of the marijuana condition, arguing there was no indication drugs or alcohol were involved in the offense. On appeal, appellant contends the trial court abused its discretion in imposing this condition because it addresses conduct that is not illegal and is not reasonably related either to the offense or to future criminality. Two questions are presented: whether appellant can maintain this challenge to the probation condition after waiving his right to appeal as part of his plea bargain and, if so, whether the condition was properly imposed.

### I.

The plea form appellant signed on June 14, 2019, included a section entitled "Plea Bargain," which stated, "The following promises have been made to me as a condition of my plea(s) . . . ," followed by a handwritten list of terms. Among these handwritten terms was "waive appeal." Appellant

---

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

[4] Appellant filed a notice of appeal on the day he was sentenced, July 15, 2019, but did not request a certificate of probable cause. In December, he filed a motion in this court for permission to request a late certificate of probable court, which we granted over respondent's opposition. Appellant filed an amended notice of appeal and request for a certificate of probable cause in the trial court on January 2, 2020, and the trial court granted the certificate of probable cause the same day.

initialed this section of the plea form.[5]  He argues, however, that this general waiver of appeal was not knowing and intelligent as to the marijuana condition because the plea bargain did not expressly contemplate the court imposing this condition.  Respondent disagrees.

"To be enforceable, a defendant's waiver of the right to appeal must be knowing, intelligent, and voluntary."  (*People v. Panizzon* (1996) 13 Cal.4th 68, 80 (*Panizzon*).)  A " 'general waiver' "—one that "is nonspecific, e.g., 'I waive my appeal rights' or 'I waive my right to appeal any ruling in this case' " (*id*. at p. 85, fn. 11)—"ordinarily includes error occurring before but not after the waiver because the defendant could not knowingly and intelligently waive the right to appeal any unforeseen or unknown future error.  (*In re Uriah R.* (1999) 70 Cal.App.4th 1152, 1157.)  Thus, a waiver of appeal rights does not apply to ' "possible future error" [that] is outside the defendant's contemplation and knowledge at the time the waiver is made.' ([*Panizzon*], at p. 85; see also *People v. Sherrick* (1993) 19 Cal.App.4th 657, 659; *People v. Vargas* (1993) 13 Cal.App.4th 1653, 1662.)"  (*People v. Mumm* (2002) 98 Cal.App.4th 812, 815.)

*People v. Patton* (2019) 41 Cal.App.5th 934, 940–941 (*Patton*), held that a defendant's waiver of the right to appeal did not bar his challenge to a later-imposed condition of probation that was not referenced in the plea agreement.  Respondent distinguishes *Patton* as involving a specific waiver: The defendant agreed to waive his right to appeal "any sentence stipulated *herein*," which *Patton* construed as applying to "the specifics of the stipulated sentence *specified in his plea agreement*" and "*not* encompass[ing] provisions

---

[5] Appellant also initialed a printed section of the form stating, "I understand I have the right to appeal the judgment of the court by filing a notice of appeal . . . ."

(such as particular conditions of probation) that were to be determined in future proceedings." (*Id.* at pp. 942–943.)

Respondent correctly notes that *Patton* referred to the waiver in that case as "limited" in scope, whereas the waiver in the present case is general. But that distinction begs the question: As stated above, a general waiver of the right to appeal does "not include error occurring after the waiver" that is not "within defendant's contemplation and knowledge at the time the waiver was made."[6] (*People v. Vargas, supra,* 13 Cal.App.4th at pp. 1653, 1662.) Appellant maintains that is the situation here.

Respondent argues the marijuana condition was not an unforeseen or unknown error outside the scope of the appeals waiver because the plea

---

[6] Appellant expends considerable effort anticipating respondent's reliance on *People v. Espinoza* (2018) 22 Cal.App.5th 794, which held that a certificate of probable cause was required for an appeal challenging a probation condition where the defendant's plea bargain included a waiver of the right to appeal "the judgment and rulings of the court." The court reached this conclusion because it viewed the challenge to a condition of probation as in substance a challenge to the appellate waiver and, therefore, to the validity of the plea. As *Espinoza* summarized its holding, "when a defendant waives the right to appeal as part of a plea agreement, and the waiver's terms encompass the issue the defendant wishes to raise, the defendant must obtain a certificate of probable cause to avoid dismissal of the appeal. With a certificate of probable cause in hand, the defendant may argue that the waiver is not enforceable as to the issue raised, whether because the waiver was not knowing and intelligent or for some other reason. And if the reviewing court determines that the waiver is not enforceable, it will reach the merits of the defendant's underlying claim." (*Id.* at p. 803.)

Appellant takes issue with the *Espinoza* court's view that a challenge to a probation condition imposed after a plea amounts to a challenge to the plea itself. That view is not directly at issue here, as appellant *did* obtain a certificate of probable cause. For this reason, and because respondent does not rely on *Espinoza,* we do not find it necessary to address appellant's argument that the case was wrongly decided.

5

agreement clearly contemplated appellant would be placed on probation with conditions, and several references in the agreement indicate the parties contemplated the waiver would apply to future error with respect to "conditions prohibiting the use of certain substances."

The plea form specified that the following promises had been made as part of the plea bargain: "C.T.S. at sentencing, 3 yrs. Formal prob., 52 wks. Bat. Prog., no early term. of prob., search & test clause, all 1203.097 terms, no early termination of probation, waive appeal, no 17(b) @ sentencing, restitution (if any)." The agreement thus specified that appellant would be placed on probation for three years and expressly stated several conditions to be imposed: A batterer's program, a search clause, a substance testing clause, and "all 1203.097 terms." Section 1203.097 requires certain terms of probation for domestic violence offenses. One of these is that the defendant complete a batterer's program (§ 1203.097, subd. (a)(6)), and respondent notes that one of the components the batterer's program must include is a "requirement that the defendant attend group sessions free of chemical influence." (§ 1203.097, subd. (c)(1)(E).) Additionally, respondent maintains appellant's express agreement to a "search & test" clause put him on notice that he would be prohibited from possessing and using certain substances. In respondent's view, appellant would have understood a standard test clause could include alcohol, illegal drugs and marijuana and, therefore, "[t]hese specified terms were not outside of appellant's contemplation at the time the waiver was made."

We are not convinced. "The right of appeal should not be considered waived or abandoned except where the record clearly establishes it." (*People v. Vargas*, *supra*, 13 Cal.App.4th at p. 1662.) Appellant's plea bargain expressly referred to the section 1203.097 probation terms for domestic

6

violence offenders, but the term respondent relies upon as relevant to substance abuse mandates only that the defendant attend a batterer's program that requires attendance at group sessions free of chemical influence. This term does not imply a general prohibition against all use of "chemical substances," much less all use of marijuana. And while the specification in the agreement that appellant would be subject to search and test conditions may reasonably be construed as implicitly acknowledging he would be prohibited from possessing and using illegal substances, the same is not necessarily true for legally possessed substances such as alcohol and marijuana as allowed under Health and Safety Code section 11362.1.

In *Patton,* the court explained that the fact the defendant knew at the time of his plea that "some unspecified 'reasonable' restrictions or requirements could be imposed as a condition of his probation does not mean he was agreeing to accept *anything* the court decided to include, regardless of how unreasonable he thought it was." (*Patton, supra,* 41 Cal.App.5th at p. 940.) Similarly, although appellant's appellate waiver was broader than the one in *Patton*, we cannot find it was " 'knowing, intelligent, and voluntary' " with respect to a later-imposed condition of probation that was not among the specific terms of probation referenced in the plea bargain. (*Panizzon, supra,* 13 Cal.4th at pp. 80, 85.) Accordingly, we conclude appellant's waiver does not prevent him from challenging imposition of the marijuana condition.

## II.

Appellant argues the trial court abused its discretion in imposing the probation condition prohibiting him from possessing or using marijuana.

" 'The primary goal of probation is to ensure "[t]he safety of the public . . . through the enforcement of court-ordered conditions of probation."

7

(Pen. Code, § 1202.7.)' (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120 (*Carbajal*).) Accordingly, the Legislature has empowered the court, in making a probation determination, to impose any 'reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer. . . .' (Pen. Code, § 1203.1, subd. (j).)" (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).)

"Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' ([*People v.*] *Lent* [(1975)] 15 Cal.3d [481,] 486.) This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term. (*Id.* at p. 486, fn. 1; see also *People v. Balestra* (1999) 76 Cal.App.4th 57, 68–69 (*Balestra*).) As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality. (See *Carbajal, supra,* 10 Cal.4th at 1121.)" (*Olguin, supra,* 45 Cal.4th at pp. 379–380.)

Appellant argues the marijuana condition is invalid because it has no relationship to his offense, relates to conduct that is not in itself criminal, and is not reasonably related to future criminality. The first two points are not at issue: As respondent agrees, it does not appear that appellant was under the influence of any controlled substance at the time of the assault or that marijuana or other drugs were otherwise involved in the offense, and

8

adult possession and use of up to 28.5 grams of marijuana is legal, subject to various conditions. (§ 11362.1.)

The question is whether the condition is reasonably related to future criminality. Appellant argues it is not, as he has no history of use or abuse of marijuana and there is "no indication that marijuana use would trigger alcohol use or affect his mental health." Respondent maintains the condition was reasonably imposed based on appellant's history of using other drugs and the risk of marijuana inhibiting his mental health treatment by interfering with medication appellant was taking for bipolar disorder.

According to the probation officer's presentence report, appellant, 42 years of age, reported that he drank alcohol heavily from ages 22 to 30 and sustained four convictions for driving under the influence (DUI). The probation report lists three such convictions, for offenses in 1994, 1998, and 2006.[7] Appellant reported that he was currently consuming alcohol only once a month and it is "no longer a problem." He reported past use of hallucinogens, "mushrooms" once a month from age 16 to 24, and "acid" "every couple of months" from age 20 to 26. He had never engaged in substance abuse treatment. His criminal history includes a conviction for unauthorized possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) in 2015.

In addition, appellant's history includes convictions for assault with a deadly weapon (§ 245, subd. (a)) in 2004; resisting a peace officer in 2016 (§ 148.1, subd. (a)) and in 1995 (§ 148.10 [resulting in death or serious bodily

---

[7] The report additionally lists, under "DMV Record," five convictions for driving while driving privilege has been suspended or revoked for a conviction of driving under the influence. (Veh. Code, § 14601.2, subd. (a).) Several of these are for more recent offense dates—2015, 2016, and 2017—and the report states that appellant's driver's license is "suspended/revoked."

injury]); and driving in a willful or wanton manner while evading a pursuing peace officer (Veh. Code, § 2800.2, subd. (a)) in 2001 and 2017.

Appellant was diagnosed with bipolar disorder in 2003, for which he takes medication. He has been hospitalized approximately five times and used to attend monthly therapy but had not seen a therapist in two years. The probation officer stated, "Abstention and testing are recommended to encourage a sober lifestyle. If he cannot maintain sobriety on his own while on probation, he should complete an alcohol and drug assessment in his county of residence and engage in the recommended level of treatment. Considering the defendant suffers from bipolar and takes prescription medication, 'street' drugs and/or alcohol may negatively interfere with his medication and can cause a disruption in his mental health regiment [*sic*]. It is recommended the defendant continue with mental health services."

The marijuana condition was one of several addressing potential substance use. Appellant was prohibited from using, consuming, or possessing "any marijuana or illegal drugs or substances, including nonprescribed controlled substances, unless specifically authorized by the court," from possessing drug paraphernalia, and from drinking or possessing alcoholic beverages or being in places where alcohol is sold as the primary income of the business. He was required to submit to a blood, breath, or urine test if requested by law enforcement or a probation officer, and to submit to search and seizure by a probation officer or law enforcement at any time, with or without a warrant or reasonable suspicion.[8]

The court stated, "With regard to 20 and 21 [the marijuana and alcohol conditions], the defendant's criminal history reflects a drug and alcohol

---

[8] Defense counsel objected to both the marijuana and alcohol conditions, but only the marijuana condition is challenged on this appeal.

10

abuse. And then when you combine that with the mental health issues described in the report, I think that very much supports the abstain from marijuana."

Appellant argues any relationship between marijuana use or possession and prevention of future criminality is merely hypothetical, noting that no evidence was offered to support the probation officer's opinion that use of " 'street drugs' " might interfere with appellant's medication for bipolar disorder and arguing that a mental health issue does not have any relationship to potential future criminality. Appellant points to *In re Ricardo P.* (2019) 7 Cal.5th 1113, 1121 (*Ricardo P.*), which confirmed that "*Lent's* third prong requires more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality."

*Ricardo P.* held that while there need not be a " 'nexus between the probation condition and the defendant's underlying offense or prior offenses,' " there must be a "degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*Ricardo P., supra,* 7 Cal.5th at p. 1122.) The electronic device search in that case did not satisfy this requirement because nothing in the record indicated the minor had ever used an electronic device or social media in connection with criminal conduct, the trial court imposed the condition based on indications the minor had previously used marijuana and a "generalization" that minors typically brag about their drug use on social media, and the "sweeping probation condition requiring Ricardo to submit all of his electronic devices and passwords to search at any time . . . significantly burdens privacy interests." (*Id.* at pp. 1122–1123.)

The marijuana condition does not similarly implicate a fundamental interest, and its relationship to future criminality is supported by

11

considerably more than the generalization relied on in *Ricardo P.* Although there is no evidence appellant was under the influence of drugs or alcohol at the time of the offense, his history includes both alcohol and drug abuse, albeit not specifically marijuana. His comments to Officer Adams that J.R. threatened to "put him in jail, because he needed to go to a program" and that he wanted her to go to a program with him suggest a contemporaneous issue with substance abuse. Appellant does not challenge the no-alcohol probation condition. Cases have recognized a connection between alcohol and drugs with respect to probation conditions, upholding alcohol prohibitions in cases where the defendant's offense related to drug use because of alcohol's similar effects in impairing judgment and the ability to control behavior. (*People v. Smith* (1983) 145 Cal.App.3d 1032, 1034–1035 [commenting on similarity of effects of alcohol to effects of marijuana and other drugs, including "lessening of internalized self-control"]; *People v. Lindsay* (1992) 10 Cal.App.4th 1642, 1645 [impairment of judgment due to alcohol consumption could reduce drug addict's willpower to refrain from drug use]; *People v. Beal* (1997) 60 Cal.App.4th 84, 87 (*Beal*) [alcohol use related to future criminality where defendant has history of substance abuse]; *People v. Malago* (2017) 8 Cal.App.5th 1301, 1308 [avoiding alcohol would increase defendant's ability to avoid drug use].) Despite the legalization of recreational use of marijuana, it remains a controlled substance, classified as a hallucinogen. (Health & Saf. Code, § 11054, subd. (d)(13).)

Appellant's present offense reflects impaired judgment and loss of self-control, as do some of his past offenses. It is neither unduly speculative nor unreasonable to view the use of substances that tend to impair judgment and ability to control behavior—whether alcohol or marijuana—as increasing the risk of future commission of offenses of this type. Nor is it unreasonable to

12

view use of such substances as potentially interfering with the efficacy of appellant's mental health treatment, whether by adverse interaction with the prescribed medication for his bipolar disorder or by undermining his compliance with taking that medication. According to the probation report, based on a validated actuarial risk assessment tool for domestic violence offenders, appellant was considered to be at "high" risk to commit future domestic violence.[9] The court did not abuse its discretion in imposing the marijuana condition as one measure to reduce the risk of future offense, in accordance with the probation department's recommendation for "[a]bstention and testing . . . to encourage a sober lifestyle."

Appellant's reliance upon *People v Kiddoo* (1990) 225 Cal.App.3d 922 (*Kiddoo*) (overruled on other grounds by *People v. Welch* (1993) 5 Cal.4th 228, 237) is unavailing. Appellant likens his case to *Kiddoo*, which invalidated a probation condition prohibiting alcohol (*id.* at p. 927), and distinguishes it from *Beal, supra,* 60 Cal.App.4th at page 85, which upheld such a condition. *Kiddoo* found "no factual indication in the record that the proscribed behavior, in the defendant's case, is reasonably related to future criminal behavior" because there was no indication alcohol was related to his offense of possession of methamphetamine, despite the facts that the 33-year-old defendant had used marijuana, methamphetamine, amphetamine, cocaine, and alcohol since age 14; said he was a social drinker and used methamphetamine sporadically; and had a prior conviction for possession of marijuana at age 22. (*Kiddoo,* at pp. 927–928.)

The defendant in *Beal*, who pled guilty to methamphetamine possession and possession for sale, characterized herself as a social drinker

_____

[9] According to the probation report, a score of 7 or higher places an offender in the highest of 7 risk categories; appellant's score was 8.

and did not consider alcohol use a problem but admitted having become involved with methamphetamine at age 26, smoking marijuana and cocaine in her late 20s and experimenting with LSD, was selling methamphetamine to support her drug habit at the time of her arrest, and told the probation officer she "suffered from 'chemical dependency.' " (*Beal, supra,* 60 Cal.App.4th at p. 86.) Rejecting the defendant's reliance upon *Kiddoo,* the *Beal* court stated: "Although an argument can be made that *Kiddoo* is factually distinguishable from this case (see *People v. Lindsay,* [*supra,*] 10 Cal.App.4th [at p.] 1644), we disagree with the fundamental assumptions in *Kiddoo* that alcohol and drug abuse are not reasonably related and that alcohol use is unrelated to future criminality where the defendant has a history of substance abuse." (*Beal,* at pp. 86–87, fn. omitted.) The same court reaffirmed this view, disagreeing with *Kiddoo,* in *Balestra, supra,* 76 Cal.App.4th at pages 68–69, and *People v. Malago, supra,* 8 Cal.App.5th at page 1308, and we agree. In light of appellant's history of alcohol and drug abuse, mental health issues and commission of a domestic violence offense reflecting inability to control his emotions and conduct, the marijuana condition is reasonably related to future criminality and not disproportionate.

## DISPOSITION

The judgment is affirmed.

14

_____
Kline, P.J.

We concur:


_____
Stewart, J.


_____
Miller, J.


*People v. Stewart* (A157857)