Filed 11/3/15  P. v. Walton CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>SHANE RYAN WALTON,<br><br>　　　　Defendant and Appellant. | H040869<br>(Monterey County<br>Super. Ct. No. SS132165) |

## I.　　INTRODUCTION

Defendant Shane Ryan Walton was convicted in a court trial of attempted unlawful sexual intercourse with a minor more than three years younger than defendant. (Pen. Code §§ 664, 261.5, subd. (c).)[1] The trial court suspended imposition of sentence and placed defendant on probation under various terms and conditions.

On appeal, defendant challenges the probation conditions that prohibit his knowing use or possession of drugs and alcohol (condition No. 7), require him to submit to chemical testing upon request of any peace officer (condition No. 8), prohibit him from possessing sexually explicit materials or materials that depict minors for the purpose of arousing prurient interests (condition No. 15), and prohibit him from being in the presence of children under 18 years old unless there is another responsible adult present (condition No. 16).

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

We conclude that condition No. 7 must be modified, that condition No. 8 must be stricken, that condition No. 15 must be modified, and that condition No. 16 must be stricken with directions that the trial court consider whether to impose a new, more narrowly-tailored condition. Accordingly, we will reverse the order of probation and remand the matter to the trial court.

## II. BACKGROUND

### A. Facts of the Offense[2]

On October 26, 2013, Monterey County Deputy Sheriff Brian Hoskins posted an advertisement in the Casual Encounters section of Craigslist indicating, as a fictional person, that she[3] was a "young cutie looking for a hookup" that day. Defendant responded to the advertisement by email, sending a photograph of himself and a message stating, "Hi, I would love to please you. My name is Shane." Deputy Hoskins replied to defendant with a message stating that she was 15 years old, lived in Salinas, and did not drive. She asked if it would be a problem for defendant to pick her up. Defendant responded that he lived in Seaside and that it would not be a problem for him to pick her up. In further email communications, defendant identified the types of sex acts he was interested in and said they could go back to his place.

Defendant and Deputy Hoskins (posing as the fictitious 15-year-old female) arranged to meet in a parking lot in Salinas. Deputy Hoskins organized surveillance of the parking lot and distributed copies of the photograph defendant had provided by email. After defendant communicated that he had arrived at the parking lot and described his vehicle, Deputy Hoskins met defendant at his car and advised him of his *Miranda*[4] rights.

---

[2] The facts are taken from testimony at the preliminary hearing—which the parties agreed could be considered by the trial judge—and from the testimony at trial.

[3] Although Deputy Hoskins is a male, we will occasionally refer to him in this section by the female pronoun in discussing his communications as a fictitious young female.

[4] *Miranda v. Arizona* (1966) 384 U.S. 436.

Defendant said he understood his rights. He told Deputy Hoskins that he had arrived at the parking lot to meet a girl he had met on Craigslist with whom he was going to have sex. Deputy Hoskins asked whether defendant knew the girl's age. Defendant began to respond with a word beginning with "f" and then stopped himself. He then said he did not know her age. When questioned again about her age, defendant said she had told him she was 15. During the interview, defendant told Deputy Hoskins he was 35 years old.

### B. Procedural History

Defendant was charged with two felony counts: meeting a minor for the purpose of engaging in lewd conduct (§ 288.4, subd. (b); count 1); and attempted oral copulation of a minor (§§ 664, 288a, subd. (b)(2); count 2). At trial, upon the prosecution's motion, the court granted leave to amend the information to allege a third count: attempted unlawful sexual intercourse with a minor more than three years younger than the defendant (§§ 664, 261.5, subd. (c); count 3).

Defendant waived a jury trial and agreed the case could be tried by the court based upon the submission of the preliminary hearing transcript and any additional testimony (i.e., a slow plea; see *Bunnell v. Superior Court* (1975) 13 Cal.3d 592). The People submitted the case based upon the preliminary hearing transcript and additional testimony by Detective Hoskins; defendant submitted no affirmative evidence. The trial court convicted defendant of attempted unlawful sexual intercourse with a minor more than three years younger than the defendant (§§ 664, 261.5, subd. (c); count 3) and acquitted him of counts 1 and 2.

On March 25, 2014, the court suspended imposition of sentence and placed defendant on probation for three years, subject to various terms and conditions.

### III. DISCUSSION

### A. Probation Conditions Generally

"In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1.

3

[Citations.] 'The court may impose and require . . . [such] reasonable conditions[] as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer.' [Citation.]" (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121, quoting § 1203.1, subd. (j).)

For a probation condition to be determined unreasonable and therefore invalid, it must satisfy the three-part *Lent* test, namely, the probation condition must " '(1) [have] no relationship to the crime of which the offender was convicted, (2) relate[] to conduct which is not in itself criminal, and (3) require[] or forbid[] conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486, fn. omitted (*Lent*).) And the *Lent* court made clear that each of these three elements must be met to invalidate the probation condition. (*Id.* at p. 486, fn. 1.) Thus, "even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality. [Citation.]" (*People v. Olguin* (2008) 45 Cal.4th 375, 380.)

We review the propriety of the imposition of a probation condition for abuse of discretion. "The Legislature has placed in trial judges a broad discretion in the sentencing process, including the determination as to whether probation is appropriate and, if so, the conditions thereof." (*Lent*, *supra*, 15 Cal.3d at p. 486; see also *People v. Welch* (1993) 5 Cal.4th 228, 233 (*Welch*).) A sentencing court violates this standard only when its probation condition determinations are arbitrary, capricious, or exceed " ' "the

4

bounds of reason, all of the circumstances being considered." ' " (*Welch, supra*, at p. 234.)

In addition to challenges to the validity of a probation condition under *Lent*, a probation condition may be challenged on the ground that it is either unconstitutionally vague or overbroad. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887 (*Sheena K.*).) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness. [Citation.]" (*Id.* at p. 890.) Where the condition limits constitutional rights, it must be "closely tailor[ed] . . . to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. [Citation.]" (*Ibid.*) Thus, courts may require that vague or overbroad terms in probation conditions be modified or narrowed to satisfy constitutional standards. (See, e.g., *People v. Leon* (2010) 181 Cal.App.4th 943, 952.)

As this court has explained with respect to overbreadth and vagueness challenges: "Although the two objections are often mentioned in the same breath, they are conceptually quite distinct. A restriction is unconstitutionally vague if it is not ' "sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated." ' [Citations.] A restriction failing this test does not give adequate notice—'fair warning'—of the conduct proscribed. [Citations.] A restriction is unconstitutionally overbroad, on the other hand, if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.' [Citations.] The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

### B.    *Alcohol/Drug and Chemical Testing Conditions*

Defendant challenges probation condition No. 7, which reads:  "Not knowingly use or possess alcohol, intoxicants, or other controlled substances without the prescription of a physician; not traffic in, or associate with persons known to you to use or traffic in controlled substances."  Defendant also challenges related condition No. 8, which states that he "[m]ust submit to a chemical test upon request of any Peace Officer."

Defendant contends the condition prohibiting alcohol use or possession is unreasonable under *Lent* because (1) the offense of which he was convicted was not related to alcohol use; (2) the condition concerns conduct that is not of itself criminal; and (3) nothing in the record would support a finding that prohibiting alcohol use or possession in this case would deter future criminality.  Defendant's trial counsel preserved the issue by objecting below, arguing that the crime was not alcohol- or drug-related and pointing out that, according to the probation report, defendant rarely consumed alcohol and had never used illegal drugs or abused prescription medication.  In imposing the alcohol and drug condition, the court noted:  "So I'm putting the controlled substances condition in place because it is illegal to be around controlled substances.  The alcohol condition I'm putting in place because alcohol is something that can reduce your inhibitions, and I don't want you to get into this trouble again."

In support of his position, defendant cites *People v. Kiddoo* (1990) 225 Cal.App.3d 922 (*Kiddoo*), overruled on other grounds in *Welch, supra*, 5 Cal.4th at pages 236-237.  In *Kiddoo*, the defendant, after being convicted of methamphetamine possession, was granted probation with the condition being that he not possess or consume alcohol or frequent businesses where alcohol was the primary item of sale. (*Kiddoo, supra*, at p. 924.)  Kiddoo stated to his probation officer that he had sold drugs to support a gambling habit.  (*Id.* at p. 927.)  He also told his probation officer that "he had used marijuana, methamphetamine, amphetamine, cocaine and alcohol since he was 14, that he had 'no prior problem,' that he was a social drinker, and used

6

methamphetamine sporadically." (*Ibid.*) Under these circumstances, the appellate court struck the alcohol condition, concluding that the crime was not alcohol-related, alcohol possession and use were not proscribed criminally, and there was no indication the probation condition was reasonably related to future criminal behavior. (*Id.* at pp. 927-928.)

*Kiddoo* was subsequently criticized for its failure to give proper deference to the trial court's broad discretion in imposing probation conditions. (See *People v. Balestra* (1999) 76 Cal.App.4th 57, 68 (*Balestra*); *People v. Beal* (1997) 60 Cal.App.4th 84, 86 (*Beal*).) In *Balestra*—relied on by the Attorney General in support of her position that the condition is lawful—the court rejected the defendant's challenge to an alcohol and drug testing probation condition. (*Balestra, supra*, at p. 69.) The defendant had been convicted of elder abuse as a result of an incident in which she—while smelling of alcohol—had falsely imprisoned and repeatedly assaulted and threatened her mother for two continuous hours. (*Id.* at p. 61.) Thus, in *Balestra*, unlike the case here, alcohol was involved in the commission of the crime. (Cf. *People v. Lindsay* (1992) 10 Cal.App.4th 1642, 1644-1645 (*Lindsay*) [upholding alcohol probation condition where defendant was convicted of sale of cocaine, drug sales were used to support his drug use, and probation report indicated he had " 'been battling an alcohol problem for the past five years' "].)

In *Beal*, the defendant pleaded guilty to possession of, and possession for sale of, methamphetamine. (*Beal, supra*, 60 Cal.App.4th at p. 85.) Beal challenged a probation condition requiring her to abstain from alcohol use. (*Id.* at p. 86.) Although she "characterized herself as a social drinker," she admitted that she had used methamphetamine, marijuana, cocaine, and LSD; said she had sold drugs to support her drug habit; and said "she suffered from 'chemical dependency.' " (*Id.* at p. 87, fn. 1.) Beal nonetheless relied on *Kiddoo* in support of her argument that the condition was not reasonably related to her crimes or to future criminality. (*Beal, supra*, at p. 86.)

7

Criticizing the *Kiddoo* decision, the *Beal* court upheld the alcohol condition, finding that substance abuse was reasonably related to Beal's crimes, and that alcohol use could lead to future criminality. (*Id.* at p. 87.) The *Beal* court stated: "[W]e disagree with the fundamental assumptions in *Kiddoo* that alcohol and drug abuse are not reasonably related and that alcohol use is unrelated to future criminality where the defendant has a history of substance abuse. [Citation.] [¶] Rather, empirical evidence shows that there is a nexus between drug use and alcohol consumption. It is well documented that the use of alcohol lessens self-control and thus may create a situation where the user has reduced ability to stay away from drugs. [Citations.] Presumably for this very reason, the vast majority of drug treatment programs . . . require abstinence from alcohol use. [Citation.]" (*Ibid.*)

*Beal* is distinguishable and does not support the Attorney General's position that the alcohol condition here was valid. Unlike in *Beal*, there was no evidence here that defendant had an alcohol or drug problem—or even that he had ever used illegal drugs—and his underlying crime was not drug- or alcohol-related in any way. (See *Lindsay*, *supra*, 10 Cal.App.4th at p. 1644 [validity of alcohol-use probation condition resolved by particular facts of case].) Thus, while we may agree with the *Beal* court's conclusion that *Kiddoo* failed to give proper deference to the trial court's broad discretion in imposing probation conditions—and we may further agree that an alcohol-abstention probation condition may be appropriate where the record shows drug abuse played a role in the commission of a crime—the facts of this case do not support the imposition of the alcohol condition.

As previously discussed, there was no evidence that defendant ever had an alcohol or drug problem, and his underlying criminal offense was not related to drugs or alcohol. Further, defendant was not a recidivist: his prior criminal record consisted of a misdemeanor embezzlement conviction in 2000, which the court later dismissed pursuant to section 1203.4. Indeed, given the absence of defendant's involvement with drugs or

8

alcohol, the court's rationale, if credited, would justify the imposition of an alcohol-abstention condition in *any* case, because it could always be argued that the use of alcohol and the consequent lowering of inhibitions might increase the risk of any probationer committing a future offense. Thus, the probation condition must be modified to delete the reference to alcohol.

The same rationale applies to probation condition No. 8, which requires defendant to submit to chemical testing upon request of a peace officer. Since neither drug nor alcohol use played a role in the crime, and there is no record that defendant has or ever had a drug or alcohol dependency issue, the chemical testing condition is invalid under the three-part test set forth in *Lent*.

For these reasons, we will order condition No. 7 modified to delete the reference to alcohol and condition No. 8 stricken to eliminate the requirement of chemical testing. Condition No. 7 shall be modified to read: "Not knowingly use or possess controlled substances without the prescription of a physician; not traffic in, or associate with persons known to you to use or traffic in controlled substances."

### C. Sexually Explicit Materials Condition

Defendant challenges condition No. 15,[5] which prohibits him from possessing certain materials of a sexual nature. The condition reads: "Not possess sexually explicit materials or matter that depicts minors for the purposes of arousing prurient interests." He contends the condition is unconstitutionally overbroad and vague.

Defendant did not assert overbreadth and vagueness challenges to this condition at the sentencing hearing. But a claim that a probation condition is facially unconstitutional is cognizable on appeal, notwithstanding a probationer's failure to present it to the trial court. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 887-888; see also *People v. Turner* (2007)

---

[5] This condition was identified in the probation report as condition No. 20, but five proposed conditions were deleted in the order of probation. Probation condition No. 16, discussed in the next section, was identified in the probation report as condition No. 21.

155 Cal.App.4th 1432, 1435 (*Turner*) [constitutional challenges to probation conditions that they are facially overbroad and vague present pure questions of law that are not forfeited by appellant's failure to raise them at trial].)  Therefore, we will address defendant's constitutional challenges to condition No. 15 and condition No. 16 (discussed in part III-D, *post*).

### 1.    Vagueness Challenge

We first consider defendant's vagueness challenge to condition No. 15.  Defendant asserts the condition is vague because it does not require that he knowingly possess the proscribed materials.  He argues that he could violate the condition "unwittingly."  He posits that, for example, the proscribed materials may be left by someone in his home, car, backpack, or bag "entirely without [his] knowledge."

In considering a condition prohibiting a minor from associating with " 'anyone disapproved of by probation,' " the California Supreme Court in *Sheena K.* reasoned that the foundation of a vagueness challenge is the due process concept of " 'fair warning.' " (*Sheena K.*, *supra*, 40 Cal.4th at pp. 889, 890.)  The vagueness doctrine "bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so vague that men [or women] of common intelligence must necessarily guess at its meaning and differ as to its application." [Citation.]' [Citation.]" (*Id.* at p. 890.)  In *Sheena K.*, the court concluded that, in the absence of "an express requirement of knowledge," the challenged probation condition was unconstitutionally vague because it did not give advance notice to the minor of the persons with whom she was prohibited from associating.  (*Id.* at p. 891; see also *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1117 [trial court, to extent scienter element was not fairly implied, should insert knowledge requirement in injunction against associating with gang members].)

Thus, this court has observed:  "In a variety of contexts, . . . California appellate courts have found probation conditions to be unconstitutionally vague or overbroad when they do not require the probationer to have knowledge of the prohibited conduct or

circumstances." (*People v. Kim* (2011) 193 Cal.App.4th 836, 843; see also *People v. Contreras* (2015) 237 Cal.App.4th 868, 886-887.)

In *People v. Rodriguez* (2013) 222 Cal.App.4th 578 (*Rodriguez*), the defendant challenged a probation condition that stated: " 'Not use or possess alcohol, intoxicants, narcotics, or other controlled substances without the prescription of a physician . . . .' " (*Id.* at p. 592.) This court observed that case law had interpreted the California Uniform Controlled Substances Act (Health & Saf. Code, § 11000 et seq.) as including an implicit knowledge requirement. (*Rodriguez, supra,* at p. 593.) Thus, *Rodriguez* reasoned that to the extent that the challenged probation condition reinforced the defendant's statutory obligations, "the same knowledge element which ha[d] been found to be implicit in those statutes [was] reasonably implicit in the condition." (*Ibid.*) Nevertheless, this court ordered that the entire condition be modified to add an express knowledge requirement because the condition was not limited to substances regulated by statute. (*Id.* at pp. 593-594.)

In this case, the challenged probation condition prohibits defendant from possessing items that include sexually explicit materials or matter that depicts minors for the purposes of arousing prurient interests. While possession of child pornography is barred by statute (§ 311.11, subd. (a)), possession of "sexually explicit materials" is not necessarily unlawful. Thus, we agree with defendant that a knowledge element should be added to condition No. 15. Our conclusion comports with the observation in *Rodriguez*, *supra*, 222 Cal.App.4th 578, that "the addition of an express knowledge requirement will eliminate any potential for vagueness . . . in applying the condition." (*Id.* at p. 594.) Addition of a knowledge element will also prevent arbitrary enforcement and provide clear notice of what conduct will constitute a violation.[6]

---

[6] The California Supreme Court is currently considering whether a knowledge element is required in probation conditions prohibiting a defendant from "(a) 'owning, possessing or having in his custody or control any handgun, rifle, shotgun or any firearm

11

## 2.     Overbreadth Challenge

Defendant also argues that condition No. 15 is unconstitutionally overbroad.  He argues the condition is improper because "it does not specify who or how [defendant] makes the determination that material is sexually explicit or prurient."

We agree that condition No. 15 is overbroad.  It is apparent that the condition was intended to prohibit defendant's possession of pornography or child pornography.  But as drafted, the condition prohibits possession of a much broader array of materials.  Indeed, the phrase "sexually explicit materials" is broad enough to include movies, books, magazines, or other materials that the ordinary person would not consider to be pornography but which includes "sexually explicit" images or dialogue.  Likewise, "matter that depicts minors for the purposes of arousing prurient interests" might be construed by the ordinary person as including materials other than child pornography.

In *Turner,* the appellate court considered a probation condition that required the defendant not to possess " 'any sexually stimulating/oriented material deemed inappropriate by the probation officer and/or patronize any places where such material or entertainment is available.' " (*Turner, supra,* 155 Cal.App.4th at p. 1435.)  The reviewing court found the condition unconstitutionally vague with respect to the subjective standard of the probation officer's possible assessment that a matter would be " 'inappropriate.' " (*Id.* at p. 1436.)  The court thus modified the condition to read: " 'Not possess any sexually stimulating/oriented material having been informed by the probation officer that such material is inappropriate and/or patronize any places where such material or entertainment in the style of said material are known to be available.' " (*Ibid*.)

_____

whatsoever or any weapon that can be concealed on his person'; and (b) 'using or possessing or having in his custody or control any illegal drugs, narcotics, narcotics paraphernalia without a prescription.' " (*People v. Hall* (2015) 236 Cal.App.4th 1124, review granted Sept. 9, 2015, S227193.)

12

Similarly, in *People v. Pirali* (2013) 217 Cal.App.4th 1341 (*Pirali*), the defendant asserted a vagueness challenge to a probation condition that prohibited him "from purchasing or possessing pornographic or sexually explicit materials as defined by the probation officer." (*Id.* at p. 1352.) This court held that because "the probation officer [could] deem material sexually explicit or pornographic *after* defendant already possesse[d] the material," the "defendant could violate his probation without adequate notice." (*Ibid.*) Accordingly, this court modified the condition to read: " 'You're ordered not to purchase or possess any pornographic or sexually explicit material, having been informed by the probation officer that such items are pornographic or sexually explicit.' " (*Id.* at p. 1353.)

Here, the challenged condition does not suffer from the same infirmity present in *Turner* and *Pirali*—i.e., the condition does not include as an element that the materials be those proscribed by the probation officer. The appellate courts in those cases were able to cure the defects with respect to the conditions by requiring that the probation officer inform the defendant in advance as to what specific materials were proscribed. But neither case provides guidance to address the overbreadth of condition No. 15 here.

Since we understand that the intention of the condition was to prohibit defendant from possessing pornography or child pornography, we will order condition No. 15 modified to provide as follows: "Not knowingly possess pornography or child pornography in any form, including but not limited to books, magazines, videotapes, or computer-generated images. As used herein, 'pornography' means materials depicting obscene matter as described in Penal Code section 311, subdivision (a), and 'child pornography' means materials depicting a child involved in sexual conduct as described in Penal Code section 311.11, subdivision (a)."

### D. Contact With Minors Condition

Defendant also challenges condition No. 16, which reads as follows: "Not be in the presence of children under the age of 18 years unless another responsible adult is

13

present." Defendant contends the condition is vague and overbroad. He asserts it is vague because it does not include an express knowledge element, i.e., that he *knowingly* be in the presence of minors. And defendant claims the condition is overbroad because it unduly restricts his constitutional rights of association and travel. The Attorney General agrees the condition is overbroad and does not oppose the inclusion of language that defendant know or reasonably should know that persons with whom he is present are under 18.

For the same reasons we have concluded that condition No. 15 requires modification, we agree with defendant that condition No. 16 is vague in that it does not require that he know that the person with whom he is present is under 18 years of age. But as we will discuss, because the condition is also overbroad, we will strike the condition and remand the matter to the trial court to consider whether to impose a probation condition addressing contacts with minors that is not constitutionally vague or overbroad.

As noted above, "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K., supra,* 40 Cal.4th at p. 890.) "A limitation on the right to associate which takes the form of a probation condition is permissible if it is '(1) primarily designed to meet the ends of rehabilitation and protection of the public and (2) reasonably related to such ends.' [Citations.]" (*People v. Lopez* (1998) 66 Cal.App.4th 615, 628, fn. omitted.) Thus, "[p]robation conditions have been upheld even though they restrict a probationer's exercise of constitutional rights if they are narrowly drawn to serve the important interests of public safety and rehabilitation [citation] and if they are specifically tailored to the individual probationer." (*In re Babak S.* (1993) 18 Cal.App .4th 1077, 1084 (*Babak S.*).)

Here, condition No. 16 may have been designed to meet the goals of rehabilitation and to protect the public by restricting defendant's contact with minors. However, condition No. 16 is neither narrowly drawn to serve important public safety interests nor specifically tailored to defendant. (*Babak S.*, *supra*, 18 Cal.App.4th at p. 1084.) Indeed, the condition is one of very broad scope that could severe impinge upon defendant's constitutional rights of association and travel. The condition prohibits defendant from being "in the presence of" minors whenever a "responsible adult" is not present. Presence "includes the part of space within one's immediate vicinity." (Merriam-Webster's Collegiate Dict. (10th ed. 1999) p. 921, col. 2; see also Black's Law Dict. (10th ed. 2009) p. 1374, col. 1 ["**presence** . . . The quality, state, or condition of being in a particular time and place, particularly with reference to some act that was done then and there"].) As drafted, the condition would prohibit the most innocuous of actions by defendant, such as exiting the front door of his home and immediately being "in the presence of" a person under 18 when there is no responsible adult nearby. Likewise, as drafted, the condition would prohibit any act where defendant, by happenstance, finds himself in any location (e.g., a store, sidewalk, or bus stop) where there is a minor present and no other "responsible adult" is present at that particular moment in time.

Further, the condition as drafted may restrict defendant's ability to work. (See *People v. Smith* (2007) 152 Cal.App.4th 1245, 1251-1252 (*Smith*).) For instance, were defendant to be employed as a retail sales clerk, he would have to immediately leave his workplace if a customer under the age of 18 appeared and there was not "another responsible adult" present. As the court in *Smith* noted, "[p]ublic safety and [defendant's] rehabilitation both benefit from his steady employment." (*Id.* at p. 1252, fn. omitted.)

Because it is both overbroad and vague, we will strike condition No. 16, and we will reverse and remand the case to the trial court with directions that it consider imposing a probation condition that is more " 'sufficiently precise' " and "closely

15

tailor[ed]" to the purpose of protecting minors in defendant's presence and to reduce the risk of defendant reoffending. (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)

## IV. DISPOSITION

The March 25, 2014 probation order is reversed and the matter is remanded to the trial court with the following instructions:

The trial court is directed to modify probation condition No. 7 to read as follows: Not knowingly use or possess controlled substances without the prescription of a physician; not traffic in, or associate with persons known to you to use or traffic in controlled substances.

The trial court is directed to strike probation condition No. 8 (concerning chemical testing).

The trial court is directed to modify probation condition No. 15 to read as follows: Not knowingly possess pornography or child pornography in any form, including but not limited to books, magazines, videotapes, or computer-generated images. As used herein, "pornography" means materials depicting obscene matter as described in Penal Code section 311, subdivision (a), and "child pornography" means materials depicting a child involved in sexual conduct as described in Penal Code section 311.11, subdivision (a).

The trial court is directed to strike condition No. 16 (concerning contact with minors), and upon remand the court shall consider whether to impose a probation condition that addresses contact with minors that is not constitutionally vague or overbroad.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

I CONCUR:


_____
MIHARA, J.

Márquez, J. Concurring:

I agree with the majority that the March 25, 2014 probation order must be reversed and the matter remanded to the trial court. And I agree with majority's analyses, conclusions, and instructions with respect to probation condition Nos. 7, 8, and 16. But with respect to probation condition No. 15, I respectfully disagree that a knowledge requirement is necessary to avoid an unwitting violation of that probation condition.

Probation condition No. 15 ordered by the trial court provides: "Not possess sexually explicit materials or matter that depicts minors for the purpose of arousing prurient interests." I agree with the majority that this probation condition is both vague and overly broad. The majority instructs the trial court on remand to modify this condition as follows: "Not knowingly possess pornography or child pornography in any form, including but not limited to books, magazines, videotapes, or computer-generated images. As used herein, 'pornography' means materials depicting obscene matter as described in Penal Code section 311, subdivision (a), and 'child pornography' means materials depicting a child involved in sexual conduct as described in Penal Code section 311.11, subdivision (a)." I agree with most of this modification, except for inclusion of the word "knowingly" before the word "possess."

Defendant argues the condition is vague because he could violate it "unwittingly" if, for example, proscribed materials are left by someone in his home, car, backpack, or bag "entirely without [his] knowledge." He contends the addition of a requirement that "he be in possession of [the proscribed material] knowingly" would alleviate the vagueness associated with an unwitting violation of the condition. But "[a] court may not revoke probation unless the evidence supports 'a conclusion [that] the probationer's conduct constituted a willful violation of the terms and conditions of probation.' " (*People v. Cervantes* (2009) 175 Cal.App.4th 291, 295, *citing People v. Galvan* (2007) 155 Cal.App.4th 978, 982; *see also People v. Moore* (2012) 211 Cal.App.4th 1179, 1184-1185 [probationer cannot violate a weapons condition without knowledge that he or she

is possessing the prohibited item].)  An unwitting violation of a probation condition, by its very nature, is not willful and cannot be the basis of a probation violation.  Adding a scienter requirement to address the possibility of an unwitting violation is therefore unnecessary.  As I observed in *People v. Contreras* (2015) 237 Cal.App.4th 868 about a condition proscribing the possession of surveillance equipment, "a knowledge requirement is not necessary to prevent an unwitting violation of the [] condition and it is therefore not necessary to add the word 'knowingly' to the condition as requested by the parties."

For these reasons, I would not add the word "knowingly" before the word "possess" to probation condition No. 15.  In all other respects, I agree with the majority.

_____
Márquez, J.

2