Filed 3/7/22  P. v. Reed CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C093719 |
| Plaintiff and Respondent, | (Super. Ct. No. 20F6978) |
| v. | |
| MARCEL DAMIEN REED, | |
| Defendant and Appellant. | |

Defendant Marcel Damien Reed pleaded no contest to evading a police officer and the trial court placed him on probation for two years.  Defendant objects to two conditions of probation:  (1) prohibiting him from the use or possession marijuana; and (2) requiring him to submit to chemical testing at any time.  He further argues the trial court imposed an invalid administrative fee.  We shall direct the court to impose appropriately tailored conditions and vacate the administrative fee.

FACTUAL AND PROCEDURAL BACKGROUND

At about 6:00 a.m. on August 13, 2020, California Highway Patrol (CHP) officers in a helicopter spotted defendant riding a black sport motorcycle in the Happy Valley

1

area. He was traveling at a high rate of speed and passing cars over the double yellow lines. When he stopped to hide behind a business in town, an Anderson police officer attempted to contact him. As the officer got out of his car, defendant sped off and went off-road with his motorcycle. During the subsequent chase, defendant ran through a stop sign without stopping in front of a CHP officer. The CHP officer activated his emergency lights and siren, but defendant continued to speed away through two more stop signs. The ground units broke off the chase while the helicopter continued to follow the rider. When defendant finally parked, officers approached him at gunpoint and arrested him. Defendant was driving on a suspended driver's license.

The prosecution filed a criminal complaint charging defendant with evading an officer with disregard for public safety and driving on a suspended or revoked driver's license. (Veh. Code, §§ 28002, 14601.1, subd. (a).) Defendant pleaded no contest to evading a police officer and the other charge was dismissed.

Defendant's probation report shows he has a single prior conviction in 2016 for violation of section 23109, subdivision (a) of the Vehicle Code–illegal speed contest. In his probation interview, defendant admitted to drinking six beers every few months and smoking marijuana and ingesting edible marijuana products every few weeks. Nothing in his prior criminal history or personal history demonstrates any drug or alcohol problems.

The trial court suspended imposition of defendant's sentence for two years and placed him on formal probation. The conditions of probation imposed by the trial court included requirements defendant conform to the general conditions of probation from the probation department and submit to chemical testing at the request of any police officer at any time.

During sentencing, defense counsel raised the following objections:

"[Counsel]: Your Honor, I just want to say a few words about his general conditions of probation, specifically, Number 10. I think number ten states that he does

2

not possess marijuana. I mean, there was no marijuana alleged in this incident, and it's not criminal conduct to ingest marijuana.

"THE COURT: You say Number 10?

"[Counsel]: I think it's Number 10 for general conditions of probation. So I would just–

"THE COURT: Are you talking about the probation–I don't have those before me.

"[Counsel]: I see. Okay. I am looking at the general conditions of probation.

"THE COURT: Yes. Those would be things he can go through with the probation department. That's what I told him he needed to do go and do in the next ten days. I don't have any objection if he talks to the probation officer and the probation officer is willing to strike that clause.

"[Counsel]: Okay. And with respect to the chemical testing, I think Your Honor mentioned chemical testing. I don't think there was any showing of drugs considered in the offense. I don't even think drugs are mentioned in the report, and I don't think that's [*sic*] been any showing that the defendant engaged in any [illicit] drugs. So I would request the chemical testing provision also be stricken from–or be stricken as one of these probation conditions.

"THE COURT: Well, it says here that the defendant does drink alcohol, and he does use marijuana. Since–he can use marijuana, but he can't be under the influence of marijuana if he is driving a vehicle. I mean, if he's–if he's in a car driving a vehicle.

"[Counsel]: Right.

"THE COURT: So I'm going to deny that request."

The trial court orally imposed a restitution fine of $300, but said nothing about an administrative fee. The clerk's minutes reflect the imposition of an administrative fee of 10 percent under Penal Code section 1202.4, subdivision (b).

3

Defendant argues the condition of probation prohibiting him from using or possessing marijuana is invalid and the trial court's deferral of this issue to the probation department was an unauthorized delegation of its authority. He further argues the imposition of chemical testing at any time as directed by a police officer is invalid. Finally, he contends the administrative fee imposed by the trial court is unlawful. We agree the trial court should not have imposed probation conditions barring legal possession or use of marijuana or requiring unfettered chemical tests. Moreover, we conclude the trial court should not have delegated the resolution of the marijuana issue to the probation department. However, given that these general conditions were not before the trial court, nor are they before us, we will remand the matter for further proceedings for the trial court to impose appropriate narrowly tailored conditions. Further, we agree with the parties that the administrative fee should be vacated.

I.  *Probation Conditions*

The colloquy between counsel and the trial court demonstrates the "general conditions" imposed by the probation department include some restrictions on defendant's use or possession of marijuana. We, however, do not know what actual restrictions the trial court imposed as they were not before the trial court, nor are they in the record. This is not due to the defendant's failure as defendant specifically requested this document be made part of the record on review and was informed that it was not part of the trial court's file. For this reason, while, at face value, this condition does not appear to be appropriate for this defendant and this conviction, we are not willing to strike this condition outright, and instead will remand for resentencing.

"A sentencing court has broad discretion to fashion appropriate conditions of probation that facilitate rehabilitation and foster public safety. [Citation.] (*People v. Cruz Cruz* (2020) 54 Cal.App.5th 707, 711 (*Cruz*).) "We review the conditions imposed for abuse of discretion. [Citation.]" (*Ibid.*) As instructed by our Supreme Court, "A

4

condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486.) All three prongs of this test must be satisfied before we will invalidate a probation term. (*Cruz*, at p. 711.)

Here, defendant and the Attorney General agree neither marijuana nor any other controlled substance had any connection to the crime to which defendant pleaded no contest or the facts in this case. Nothing in the description of the crime, or the nature of the conviction, suggests defendant was under the influence of any drug at the time he rode his motorcycle in a dangerous manner to avoid the police.

Second, defendant and the Attorney General agree the use and possession of marijuana is legal under California law for personal and medicinal purposes for persons who are defendant's age. (Health & Saf. Code, §§ 11362.1, 11362.5.) Thus, the use and possession of marijuana under the circumstances outlined in those statutes is legal conduct.

On the final question as to whether this prohibition is reasonably related to preventing future criminality, the parties disagree. Defendant claims there is no connection between recreational use of marijuana and future criminality. The Attorney General argues alcohol and controlled substance use are significant problems when it comes to driving and defendant's two convictions for driving fast demonstrate his poor judgment rendering these conditions appropriate.

Cases uphold probation conditions prohibiting alcohol (another legal substance) where the defendant's offense related to drug use or defendant has a substance abuse problem. (e.g. *People v. Smith* (1983) 145 Cal.App.3d 1032, 1035.) In *Smith*, defendant

5

was a 26-year-old man who had an extensive involvement in drugs dating back to the time he was eleven years old and was under the influence of PCP when he was arrested. (*Id.* at p. 1034.) He pleaded guilty to possession of PCP. (*Ibid.*) The court concluded the probation conditions that defendant not drink any alcoholic beverages and stay out of places where they are the chief item of sale was "reasonably related to the crime of which the defendant was convicted and to future criminality." (*Id.* at p. 1035.) The nature of the crime as well as the nature of the defendant's prior drug use dictated this condition was appropriate in that case.

This is not one of those cases. Instead, we are guided by *Cruz, supra*, 54 Cal.App.5th at page 709, where defendant pleaded guilty to taking a vehicle without the owner's consent. At the time of his offense, defendant was 21 years old and occasionally used marijuana. (*Ibid.*) He had never been accused or convicted of a drug related offense and did not have a substance abuse problem. (*Id.* at p. 712.) Based on his admission he used marijuana, the trial court-imposed conditions of probation prohibiting appellant's use or possession of marijuana, and requiring appellant to submit to chemical testing. (*Id.* at p. 709.) The appellate court stated there is no requirement of "a 'nexus' between the probation condition and the offense, but there must be 'more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality.' [Citation.]" (*Id.* at p. 712.) The Attorney General argued defendant's disclosed smoking put him at an increased risk category for future criminality and the trial judge could have reasonably determined it should limit the use of marijuana to help him exercise good judgment. (*Ibid.*) In rejecting this argument, the court stated, "these arguments could be made in every case in which the probationer admits to occasional use of marijuana, a legal substance. [Citation.] What is missing is some indication that appellant is predisposed or more likely to commit crimes when under the influence of marijuana." (*Ibid.*) Thus, the court concluded, the drug testing and

6

"marijuana-related probation conditions are not reasonably related to preventing appellant's future criminality" and struck them. (*Ibid.*)

Similarly, here, defendant pleaded guilty to the crime of reckless driving of a motorcycle and evading police officers. There is nothing to suggest defendant was under the influence of any illicit substance at the time he committed these crimes at 6:00 a.m. on August 13, 2020. Further, nothing in the record demonstrates defendant committed prior crimes related to the use or abuse of alcohol or drugs. Defendant's sole other prior conviction is for participating in a speed contest. Moreover, the record does not disclose defendant has any substance abuse problems. We conclude the imposition of a ban on the legal use of marijuana and subjecting defendant to unfettered testing is not reasonably related to preventing defendant's future criminality. Those conditions should not be imposed.

Respondent suggests the trial court limited the conditions to driving activities only during the pronouncement of the sentence. The record is not clear on that point and the minute order does not reflect this limit. A narrowly tailored requirement that defendant not use marijuana while driving and subject himself to chemical testing when stopped while driving may be an appropriately tailored probation condition. Any challenge by defendant to this condition would fail because it is not legal to drive a car when under the influence of alcohol or drugs. (Veh. Code, § 23152)

We further conclude that the trial court's deferral of the resolution of the marijuana prohibition condition to the probation office was in error. When defendant objected to the probation condition, the trial court responded, "Those would be things he can go through with the probation department. That's what I told him he needed to do go and do in the next ten days. I don't have any objection if he talks to the probation officer and the probation officer is willing to strike that clause." This was not proper. "Although a trial court may delegate to the probation officer those details that are necessary to implement the terms of probation," the trial court may not delegate to a

7

probation officer the discretion to determine the nature of the probation. (*People v. Gonsalves* (2021) 66 Cal.App.5th 1, 9.) It was and remains the trial court's job to decide which probation conditions should be imposed, and it is not proper to leave the question to the probation department.

On these facts, we conclude probation conditions prohibiting defendant from generally using or possessing marijuana and being subject to chemical testing at all times is not reasonably related to defendant's future criminality. We remand the matter for the trial court to determine and impose appropriate conditions of probation.

## II. *Administrative Fee*

Defendant challenges the imposition of the administrative fee on his restitution fine under the recent amendments to subdivision (b) of Penal Code section 1465.9. The Attorney General concedes the issue. We agree the administrative fee should be stricken, but for a different reason.

Here, the trial court orally imposed the $300 restitution fine pursuant to Penal Code section 1202.4, subdivision (b), but did not orally impose the administrative fee. The trial court's minute order, however, states the court imposed this restitution fine "plus an administrative fee of 10%". Where the sentencing court's oral pronouncement of sentence varies from the written minute order, it is the oral pronouncement that prevails. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) Given the trial court did not orally pronounce imposition of the administrative fee, none has been imposed in this case, we order the clerk's minutes corrected to strike the imposition of the administrative fee. Even if the fee had been imposed, defendant and the Attorney General agree Penal Code section 1465.9, subdivision (b) provides any such fee is no longer collectible and the portion of the judgment that reflects the fee should be vacated. We agree as subdivision (b) to section 1465.9 of the Penal Code now provides: "On and after January 1, 2022 the balance of any court-imposed costs pursuant to Section . . . 1202.4,

8

. . . , as those sections read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated.

## DISPOSITION

We remand the matter for the trial court to impose appropriate probation conditions. The trial court is directed to correct the clerk's minutes to remove any reference to the administrative fee imposed pursuant to Penal Code section 1202.4. In all other respects, the judgment is affirmed.

_____\\s\\_____,
BLEASE, Acting P. J.

We concur:

_____\\s\\_____,
RENNER, J.

_____\\s\\_____,
KRAUSE, J.